Ramsey M. Al-Salam, Bar No. 109506
RAlsalam@perkinscoie.com
Carmen G. Wong, Bar No. 44538
*(Admitted Pro Hac Vice)*
CWong@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000

Victoria Q. Smith, Bar No. 236045
VSmith@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

*Attorneys for Defendants*
*Fremont Bancorporation and Fremont Bank*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. LAKSHMI ARUNACHALAM, <br><br> Plaintiff, <br><br> v. <br><br> FREMONT BANCORPORATION, a California Corporation; and FREMONT BANK, a California Corporation, <br><br> Defendants. | Case No. 3:15-cv-00023-EDL <br><br> **DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM** <br><br> Date: April 21, 2015 <br> Time: 9:00 am <br> Dept.: Courtroom E - 15th Floor <br> Judge: Hon. Elizabeth D. Laporte |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 21, 2015, at 9:00 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Elizabeth Laporte, Courtroom E – 15th Floor, Defendants Fremont Bancorporation and Fremont Bank will move for an order dismissing the Complaint for failure to state a claim on the grounds set forth herein.

This motion is based upon the Complaint, this Notice of Motion and Motion to Dismiss, the attached Memorandum of Points and Authorities, the Declaration of Carmen Wong, and any other evidence and argument considered by the Court. A proposed order is included with this motion.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1
II. FACTUAL BACKGROUND ......................................................................................... 1
    A. The Patent-in-Suit .............................................................................................. 1
    B. Plaintiff's Previous Litigations ........................................................................... 2
III. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED ............................................ 4
    A. Plaintiff's Claims Are Barred by Collateral Estoppel ........................................ 5
        1. The Invalidity of the '339 Patent Was Already Decided in
            *JPMorgan* ............................................................................................. 6
        2. *JPMorgan* and *Fulton* Are Final Judgments on the Merits ...................... 8
        3. Plaintiff Is in Privity With Pi-Net, the Plaintiff in *JPMorgan* ................... 9
IV. CONCLUSION .............................................................................................................. 9

**CASES**

*AK Steel Corp. v. Sollac and Ugine*,
　344 F.3d 1234 (Fed. Cir. 2003) ............................................................................................... 7

*ALZA Corp. v. Andrx Pharm., LLC*,
　603 F.3d 935 (Fed. Cir. 2010) ................................................................................................. 3

*Alzheimer's Inst. of Am. Inc. v. Elan Pharms., Inc.*,
　No. 3:10-cv-00482 EDL (N.D. Cal. Aug. 3, 2012) (Laporte M.J.) .......................................... 6

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ................................................................................................................. 5

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007) ............................................................................................................. 4, 5

*Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*,
　402 U.S. 313 (1971) ................................................................................................................. 5

*Federated Dept. Stores, Inc. v. MITIE*,
　452 U.S. 394 (1981) ................................................................................................................. 8

*In re Gottheiner*,
　703 F.2d 1136 (9th Cir. 1983) ................................................................................................. 9

*Intri-Plex Techs., Inc. v. The Crest Group Inc.*,
　499 F.3d 1048 (9th Cir. 2007) ................................................................................................. 6

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
　134 S. Ct. 2120 (2014) ............................................................................................................. 7

*Ohio Willow Wood Co. v. Alps South, LLC*
　735 F.3d 1333 (Fed. Cir. 2013) ............................................................................................... 6

*Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*,
　170 F.3d 1373 (Fed. Cir. 1999) ............................................................................................... 8

*Pi-Net Int'l Inc. v. Fulton Fin. Corp.*,
　No. 14-490 (D. Del.) ..................................................................................................... 1, 4, 8, 9

*Pi-Net Int'l Inc. v. JPMorgan Chase & Co.*,
　Case No. 12-cv-00282 (D. Del.) .................................................................... 1, 2, 3, 4, 6, 7, 8, 9

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
　442 F.3d 741 (9th Cir. 2006) ................................................................................................... 5

| | |
|---|---|
| | **TABLE OF AUTHORITIES** |
| | (continued) |
| | **Page** |

*Roche Palo Alto LLC v. Apotex, Inc.*,
   526 F.Supp.2d 985 (N.D. Cal. 2007) ...................................................................................8

*Security People, Inc. v. Medeco Security Locks, Inc.*,
   59 F.Supp.2d 1040 (N.D. Cal. 1999) ....................................................................................8

*Soverain Software LLC v. Victoria's Secret Direct Brand Management, LLC*,
   Nos. 2012-1649, 2012-1650 (Fed. Cir. Feb. 12, 2015) .........................................................5

*Stoner v. Santa Clara Office of Educ.*,
   400 Fed. App'x. 185 (9th Cir. 2010) .....................................................................................8

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*,
   617 F.3d 1296 (Fed. Cir. 2010) .............................................................................................5

*Wolfson v. Brammer*,
   616 F.3d 1045 (9th Cir. 2010) ...............................................................................................5

**STATUTES**

35 U.S.C. § 112 ...........................................................................................................................7

**OTHER AUTHORITIES**

*Application of Sus*, 49 C.C.P.A. 1301 (1962) ............................................................................7

Fed. R. Civ. P. 12(b)(6) ......................................................................................................1, 4, 5, 8

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Fremont Bancorporation and Fremont Bank (collectively, "Fremont Bank") move to dismiss the Complaint for failure to state a claim. Collateral estoppel bars Plaintiff's claims because Plaintiff has already litigated, and lost, on equivalent assertions in the District Court for the District of Delaware in *Pi-Net Int'l Inc. v. JPMorgan Chase & Co.*, Case No. 12-cv-00282. In *JPMorgan*, the Honorable Sue Robinson held that related patents owned by Plaintiff were invalid because they contained claim terms that are indefinite, not enabled, and lack written description. The same claim terms are present in every claim of U.S. Patent No. 8,271,339 (the "'339 patent" or "patent-in-suit") . Because Plaintiff is the sole owner of *Pi-Net,* the plaintiff in the *JPMorgan* case, and she had a full opportunity to litigate these common issues, collateral estoppel applies. Indeed, the Plaintiff has already litigated and lost the issue of whether estoppel applies. In *Pi-Net Int'l Inc. v. Fulton Fin. Corp.*, the Honorable Richard Andrews dismissed plaintiff's claims of infringement of the '339 patent because of collateral estoppel from the *JPMorgan* case. Accordingly, collateral estoppel applies because of both decisions.

For these reasons, Plaintiff's Complaint should be dismissed with prejudice. This motion is supported by the declaration of Carmen Wong filed herewith.

## II. FACTUAL BACKGROUND

### A. The Patent-in-Suit

The Complaint alleges that Fremont Bank infringes one or more claims of the '339 patent. entitled "Method and Apparatus for Enabling Real-Time Bi-Directional Transactions on a Network." Compl. ¶¶ 10, 14 [D.I. 1]. The '339 patent claims a method and system of sending web pages to a multi-media device (e.g., a smart phone) where the web page has "Point-of-Service" applications that allow the user (e.g., by clicking on the application) to access a web merchant's on-line service Web application. The '339 patent has 14 claims, three of which are independent. Claim one is a method claim and reads as follows:

1. A computer-implemented method for delivering **Point-of-Service applications** to a multi-media device over the World Wide Web, said method comprising:[1]

    providing a Web server in communication with a Web merchant's on-line Web application and a database;

    communicating a Web page for display on a multi-media device, where the Web page comprises a graphical user interface configured to generate a list of multiple **Point-of-Service applications** which may be accessed by the user over the Web and to accept user input;

    allowing the user to select an on-line **Point-of-Service application** displayed on the Web page on the multi-media device;

    instructing a Web server to hand over a request by the user to access the Web merchant's on-line service Web application available through the **Point-of-Service application**, said Web merchant's on-line service Web application available over the Web and in communication with the Web merchant's database;

    maintaining an open connection over the Web until the user's transaction with the on-line Web application is complete;

    delivering said particular **Point-of-Service application** in real-time to the multi-media device across a **service network** over the Web; and

    performing a real-time non-deferred bidirectional Web transaction requested by the user.

Ex. A to Compl. 9:53-10:12.

The remaining independent claims (claims 7 and 12) are analogous. The dependent claims add immaterial limitations, such as that the "Point-of-Service application allows a user to buy or sell over the Web" (claim 4), *id.* at 10:20-22, or is a "banking application that operates to connect to a financial institution over the web" (claims 5, 11), *id.* at 10:23-25, 11:4-8, or where the user "request is handed over to an exchange from the Web application" (claims 2, 8). *Id.* at 10:13-15, 10:57-60.

---

[1] Bolded terms formed the basis for the court's finding of invalidity for the Related Patents in *JPMorgan*. *See supra* at §§ II(B), III(A)(1).

**B. Plaintiff's Previous Litigations**

Plaintiff has already litigated, and lost, on analogous patent claims in related patents in *JPMorgan* and has also lost on whether *JPMorgan* collaterally estops it from asserting the '339 patent. In particular, the '339 patent is related to U.S. Patent Nos. 5,987,500, 8,037,158, and 8,108,492 (collectively, "Related Patents"). The Related Patents have a specification that is essentially identical to the '339 patent. Ex. A[2] ('339 and '500 Patents Redline); Ex. B ('339 and '158 Patents Redline); Ex. C ('339 and '492 Patents Redline).

Plaintiff herself, or through her companies Pi-Net International, Inc. ("Pi-Net"), and WebXchange, has filed suit against over 20 defendants in various districts asserting infringement of the '339 patent or the Related Patents. Compl. at ¶ 5. For example, Pi-Net sued JPMorgan Chase in the District Court of Delaware in 2012, alleging infringement of the Related Patents. *Pi-Net Int'l Inc. v. JPMorgan Chase & Co.*, Case No. 12-cv-00282 (D. Del.). Similar to the '339 patent, the Related Patents claim systems and methods for online transactions. There, JPMorgan filed a motion for summary judgment that the Related Patents are invalid. The Honorable Sue Robinson granted JPMorgan's motion and found all three patents to be invalid as indefinite, not enabled and lacking written description, based on multiple claim terms that are also found in the '339 patent. Ex. D (*JPMorgan* Summary Judgment Order).

For example, the court, relying on its claim construction order, concluded that the terms "switching" and "service network," are indefinite.[3] Ex. D at 11-16; *see also* Ex. E (*JPMorgan* Claim Construction Order at 6-8). With respect to enablement, the court began its analysis by explaining that "[t]o be enabling, the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation.'" Ex. D (*JPMorgan* Summary Judgment Order at 16 (citing *ALZA Corp. v. Andrx Pharm., LLC*, 603 F.3d 935, 940 (Fed. Cir. 2010) (citations omitted))). The specification describes "a configurable value-added network switching and object routing method and apparatus," but only

---

[2] All exhibits cited herein are attached to the declaration of Carmen G. Wong in support of this Motion to Dismiss.
[3] The court also concluded that additional terms were indefinite under independent grounds, but these limitations are not present in the patent-in-suit.

presents "an abstract concept of real-time transactions, in which a merchant and a user interact." *Id.* at 17. In discussing the term "point-of-service application," the court concluded that the term was not enabled because the "specification implicates, but does not describe, how to make or use point-of-service applications and transactional applications . . . or back-end transactional applications. . . . The specification offers no explanation or information on any software programs." *Id.* at 18-19.

Finally, the court concluded that the three patents were invalid for lack of written description. *Id.* at 20-21. "The hallmark of written description is disclosure. . . . [T]he critical inquiry is whether the patentee has provided a description that 'in a definite way identifies the claimed invention' in sufficient detail that a person of ordinary skill would understand that the inventor was in possession of it at the time of filing." *Id.* at 20. The inventor coined the terms "VAN switch" and "point-of-service application" but fails to provide sufficient description for those terms in the specification for one of ordinary skill in the art to implement these terms. With respect to "point-of-service application," the court concluded that "[t]he specification describes these 'point-of-service applications' by block diagrams denoting 'Bank 510(1), Car Dealer 510(2) or Pizzeria 510(3),' but offers no further description of any of the requests for service available to a user. . . . The specification similarly lacks any details as to how the VAN switch would accomplish allowing a user to connect to a point-of-service application." *Id*. at 21.

In *Pi-Net Int'l Inc. v. Fulton Fin. Corp.*, No. 14-490 (D. Del.), Judge Andrews granted defendant's motion to dismiss Pi-Net's claim for patent infringement, including under the '339 patent, based on collateral estoppel. Ex. F (*Fulton* Complaint ¶ 23). Accordingly, one court has already ruled against Plaintiff on the same issue raised by this motion. Ex. G (Fulton Motion to Dismiss Order).

Nevertheless, Plaintiff has filed suit in this Court for claims containing the same terms as discussed above, alleging infringement of a patent likewise invalid due to the same fatal defects. This Court should not indulge such an abuse of the judicial process.

## III. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED

Plaintiff's Complaint should be dismissed for failure to state a claim under Rule 12(b)(6) because Plaintiff's claims are barred by the doctrine of collateral estoppel. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a claim to be plausible on its face, it must be supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Conclusory allegations are insufficient for the purpose of determining whether each element of a cause of action is well pleaded. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Legal conclusions may "provide the framework of a complaint, [but] they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Claims based on factual allegations that do not "raise a right to relief above the speculative level" are to be dismissed under Rule 12(b)(6). *Twombly*, 550 U.S. at 555-56.

### A. Plaintiff's Claims Are Barred by Collateral Estoppel

Collateral estoppel, or "issue preclusion applies where a party is 'facing a charge of infringement of a patent that has once been declared invalid,' even though the party asserting the defense was not a party to the action where the patent was invalidated." Ex. H. (*Soverain Software LLC v. Victoria's Secret Direct Brand Management, LLC,* Nos. 2012-1649, 2012-1650, slip op. at 7 (Fed. Cir. Feb. 12, 2015) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 349–50 (1971))).

The Federal Circuit in *Ohio Willow Wood Co. v. Alps South, LLC* concluded that the collateral estoppel effect of a judgment of invalidity is not limited to only patent claims that are identical. 735 F.3d 1333, 1342 (Fed. Cir. 2013). Instead, whether the doctrine of collateral estoppel applies depends on whether there is an identity of *issues*. *Id.* There, the plaintiff filed suit alleging infringement of a patent for cushioning devices covering residual stumps of

amputated limbs to make the use of prosthetics more comfortable. *Id.* at 1337. While the case was stayed pending re-examination, the plaintiff sued another company, Thermo-Ply, alleging infringement of a related patent. *Id.* at 1341. The court there found the patent to be invalid as obvious in light of the prior art. *Id.* After the stay was lifted in the first litigation, the district court concluded that the asserted claims were also invalid due to the collateral estoppel effect of the *Thermo-Ply* litigation. *Id.*

The Federal Circuit acknowledged that the claim language in the two patents was different, but nonetheless held that collateral estoppel applied:

> Our precedent does not limit collateral estoppel to patent claims that are identical. Rather, it is the identity of the *issues* that were litigated that determines whether collateral estoppel should apply. . . . If the differences between the unadjudicated patent claims and the adjudicated patent clams do not materially alter the question of invalidity, collateral estoppel applies.

*Id.* at 1342 (internal citations omitted, emphasis in original).

The determination of whether collateral estoppel applies is governed by regional circuit law. *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1311 (Fed. Cir. 2010). Under well-settled Ninth Circuit law, collateral estoppel precludes relitigation of an issue decided in an earlier proceeding if: "(1) the issue was necessarily decided at the previous proceeding and is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding."[4] *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006); Ex. I (*Alzheimer's Inst. of Am. Inc. v. Elan Pharms., Inc.*, No. 3:10-cv-00482 EDL, D.I. 314 at 2 (N.D. Cal. Aug. 3, 2012) (Laporte M.J.)).

---

[4] The Ninth Circuit uses a variation of these factors, such as the following: (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated; (3) there was final judgment on the merits; and (4) the person against whom collateral estoppel is asserted was a party to or in privity with a party in the previous action. *See, e.g., Wolfson v. Brammer*, 616 F.3d 1045, 1064 (9th Cir. 2010).

### 1. The Invalidity of the '339 Patent Was Already Decided in *JPMorgan*

First, as *Fulton Financial* confirmed, the decision in *JPMorgan* invalidating the Related Patents renders the '339 patent invalid as well because an identity of litigated issues exists between the Related Patents and the '339 patent.[5] As concluded in *Ohio Willow Wood Co.*, Collateral estoppel applies where similar claim terms in a related patent have been litigated. 735 F.3d at 1342.

Here, although the patents invalidated in *JPMorgan* do not include the '339 patent, the issue decided in *JPMorgan* is identical to the issues to be litigated here because they involve the same claims terms and the same specifications. The court in *JPMorgan* found that the Related Patents were invalid due to indefiniteness, lack of enablement, and lack of written description. Invalidity based on indefiniteness, enablement, and written description is determined by considering the claim language and the information disclosed in the specification. *See e.g., Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014) ("We hold that a patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention."); *AK Steel Corp. v. Sollac and Ugine*, 344 F.3d 1234, 1244 (Fed. Cir. 2003) ("The enablement requirement is satisfied when one skilled in the art, after reading the specification, could practice the claimed invention without undue experimentation."); *Application of Sus*, 49 C.C.P.A. 1301, 1317 (1962) (An "application cannot under 35 U.S.C. § 112 claim a broader invention than that set forth in the written description contained in his specification."). The court in *JPMorgan* reached its conclusion based on claim terms that are in each of the asserted claims in the '339 patent.

For example, the court found that the term "service network" was indefinite because it was unable to discern the meaning of that term, and noted that the components of the "service network" seemed to overlap those used to described the VAN switch. Ex. E (*JPMorgan* Claim

---

[5] In ruling on a motion to dismiss for failure to state a claim, "a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Intri-Plex Techs., Inc. v. The Crest Group Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (internal quotation marks omitted).

Construction Order at 8). The specification did not provide clarity to the limitation. The term "switching" was also indefinite because "[t]he specification does not disclose how VAN switch or the switching service . . . accomplishes 'switching.'" *Id.* at 7. The court likewise found the Related Patents were not enabled. In particular, the Related Patents claimed a "point-of-service application" but their specifications did not "describe[] how to make or use point-of-service applications." Ex. D (*JPMorgan* Summary Judgment Order at 18-19). The court also found that this term lacked written description after examining the specification. *Id.* at 21.

As shown in the table below, the terms examined by the court in *JPMorgan* altogether are found in every claim of the patent-in-suit:[6]

| Limitation in Related Patents | Basis for Invalidity | Location in '339 Patent |
|---|---|---|
| "switching" | Indefiniteness | Claim 13 |
| "service network" | Indefiniteness | Claims 1-6, 12-14 |
| "point-of-service application" | Lack of enablement, lack of written description | Claims 1-14 |

Because the specifications in the '339 patent and the Related Patents are identical, the same flaws that are present in the Related Patents that led to the district court's conclusion of invalidity are also present in the '339 patent. Thus, there is an identity of issues in the *JPMorgan* litigation and in this case.

Indeed, the Delaware District Court in *Fulton* has already concluded that the doctrine of collateral estoppel applies to the '339 patent. The defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), and in response, Pi-Net merely argued that the court should stay the case pending resolution of the *JPMorgan* appeal at the Federal Circuit. Ex. J (*Fulton* Motion to Dismiss Response at 3). Pi-Net admitted that "all three patents asserted against Fulton would be governed by the prior *JPMorgan* adjudication if the prior rulings are affirmed on appeal." *Id.* The Honorable Richard Andrew dismissed the case based on collateral estoppel. That decision is an independent basis for collateral estoppel.

---

[6] Dependent claims contain all the limitations of the independent claims on which they depend.

### 2. *JPMorgan* and *Fulton* Are Final Judgments on the Merits

Collateral estoppel applies in this case also because the court's orders in *JPMorgan* and *Fulton* were final judgments on the merits. This circuit has found that disposition by both a motion to dismiss and summary judgment is a decision on the merits. *Federated Dept. Stores, Inc. v. MITIE,* 452 U.S. 394, 399, n.3 (1981) (noting that dismissal under Rule 12(b)(6) is a final judgment on the merits); *Stoner v. Santa Clara Office of Educ.*, 400 Fed. App'x. 185, 187 (9th Cir. 2010); *Security People, Inc. v. Medeco Security Locks, Inc.*, 59 F.Supp.2d 1040, 1045 (N.D. Cal. 1999) ("A disposition by summary judgment is a decision on the merits, and it is as final and conclusive as a judgment after trial."). Similarly, the pendency of an appeal has no effect on the finality of binding effect of a trial court's holding, and is not a barrier to collateral estoppel. *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1382 (Fed. Cir. 1999); *Roche Palo Alto LLC v. Apotex, Inc.*, 526 F.Supp.2d 985, 994 (N.D. Cal. 2007) ("Defendants' still-pending petition writ of certiorari before the United States Supreme Court does not alter the preclusive effect of this Court's earlier judgment.").

The court's order in *JPMorgan* and *Fulton* were final and on the merits. Pi-Net has appealed the court's grant of summary judgment of invalidity, but this "does not alter the preclusive effect of" the court's judgment in that case.

### 3. Plaintiff Is in Privity With Pi-Net, the Plaintiff in *JPMorgan*

Finally, collateral estoppel applies because Plaintiff in this case, Dr. Arunachalam, is in privity with Pi-Net, the Plaintiff in *JPMorgan.* There is privity between the parties when the party being estopped is "closely related to the interest of the party" in the prior lawsuit "to be fairly considered to have had his day in court." *In re Gottheiner*, 703 F.2d 1136, 1139 (9th Cir. 1983). "Privity exists when there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." *Id.* at 1140. "When a person owns most or all of the shares in a corporation and controls the affairs of the corporation, it is presumed that in any litigation involving that corporation the individual has sufficient commonality of interest." *Id.*

Dr. Arunachalam is the founder and chairman of Pi-Net. Compl. at ¶ 5 [D.I. 1]; Ex. K (Information About Dr. Lakshmi Arunachalam ). Her residential address is the same as the

address for Pi-Net—222 Stanford Avenue, Menlo Park, CA 94025.  Compl. at ¶ 5 [D.I. 1]  Indeed, in support of her motion to substitute parties filed to the Federal Circuit for the *JPMorgan* appeal, Plaintiff admits that she "is the sole owner of her patents-in-suit and the company that has held them, Pi-Net International, Inc."  Ex. L (*JPMorgan* Motion to Substitute Reply at 2).  Accordingly, Plaintiff "owns most or all of the shares in" Pi-Net, and "controls the affairs of the corporation" and there is privity between Plaintiff and Pi-Net.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

DATED:  March 17, 2015

**PERKINS COIE LLP**

By: */s/ Carmen G. Wong*
Ramsey M. Al-Salam
RAlsalam@perkinscoie.com
Victoria Q. Smith
VSmith@perkinscoie.com
Carmen G. Wong
CWong@perkinscoie.com

Attorneys for Defendants
Fremont Bancorporation and Fremont Bank

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 17, 2015, a true and correct copy of the foregoing was served on the parties via the CM/ECF system pursuant to Civil Local Rule 5-1(h).

                                                  */s/ Carmen G. Wong*
                                                  Carmen G. Wong