Ramsey M. Al-Salam, Bar No. 109506
RAlsalam@perkinscoie.com
Carmen G. Wong, *(Admitted Pro Hac Vice)*
CWong@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000

Victoria Q. Smith, Bar No. 236045
VSmith@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

*Attorneys for Defendants*
*Fremont Bancorporation and Fremont Bank*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. LAKSHMI ARUNACHALAM,<br><br>    Plaintiff,<br><br>  v.<br><br>FREMONT BANCORPORATION and FREMONT BANK,<br><br>    Defendants. | Case No. 3:15-cv-00023-EDL<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM**<br><br>Date: April 28, 2015<br>Time: 2:00 pm<br>Dept.: Courtroom E - 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

## I.    INTRODUCTION

Defendants ("Fremont Bank") have moved to dismiss the Complaint because Plaintiff's claims are barred by collateral estoppel. In her Opposition, Plaintiff does not dispute that the '339 patent "would be governed by the prior *JPMorgan* adjudication if the prior rulings are affirmed on appeal." Ex. J to Wong Decl. (*Fulton* Motion to Dismiss Response at 3) [D.I. 25-11].[1] Plaintiff also does not dispute that she is the chairman and sole owner of the Pi-Net International, Inc., the plaintiff in the *JPMorgan* litigation. Finally, Plaintiff does not dispute that the orders in *JPMorgan* and *Fulton* are final judgments on the merits. Nevertheless, Plaintiff argues that collateral estoppel does not apply based on the standards for claim preclusion and motions for summary judgment, neither of which is applicable here. Fremont Bank's motion is based on collateral estoppel or issue preclusion. She also argues that the claims at issue here are different than those in *JPMorgan*. She ignores, however, that the Federal Circuit has held that collateral estoppel still applies where the claims are based on the same specification and have common terms. For these reasons, Plaintiff's Complaint should be dismissed, and Plaintiff should not permitted to re-file absent the Federal Circuit's reversal of the judgment in the *JPMorgan* litigation.

## II.    PLAINTIFF APPLIES THE WRONG STANDARDS

Plaintiff's response incorrectly assumes that Fremont Bank is filing a motion for summary judgment and improperly applies the standard for claim preclusion. First, Plaintiff opposes the Motion as if it were a motion for summary judgment, relying extensively on the presumption of validity under 35 U.S.C. § 282 and insisting that there are disputed material facts. *See* Opp'n to Mot. to Dismiss ("Opp'n") at 4-5, 7, 12-15. But Fremont Bank has filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), not a motion for summary judgment. Fremont Bank is not requesting the Court to make any findings of fact as to whether the '339 patent is invalid. Instead, the Motion seeks a legal determination as to whether the order in the

---

[1] All exhibits cited herein refer to the exhibits attached to the declaration of Carmen G. Wong in support of Fremont Bank's Motion to Dismiss [D.I. 25].

1  *JPMorgan* litigation resolved the issues to be litigated in this case, and whether Plaintiff is bound
2  by that result.
3        Second, Plaintiff appears to rely on the standard for res judicata, or claim preclusion, in
4  arguing that the same parties must have been involved in the previous litigation. *See, e.g.,* Opp'n
5  at 5 ("*Res judicata* and the language of the patent statute failed to impose the outcome of previous
6  decisions among parties under a different name. The judgments in the suits between Pi-Net and J.P.
7  Morgan Chase & Co. and their respective assignees are not conclusive upon Defendants—strangers to
8  the record."). Again, Plaintiff relies on the wrong standard because Fremont Bank is seeking to
9  dismiss this case under the doctrine of collateral estoppel or *issue preclusion*, which does not require
10 the same parties to be involved in the previous litigation. *Blonder-Tongue Labs., Inc. v. Univ. of Ill.*
11 *Found.*, 402 U.S. 313, 349–50 (1971) (overruling precedent precluding an accused infringer of a
12 patent already found invalid from asserting estoppel where the accused infringer is not a party to
13 the previous litigation).

### III. COLLATERAL ESTOPPEL BARS PLAINTIFF'S CLAIMS

15 Collateral estoppel precludes relitigation of an issue decided in an earlier proceeding if:
16 "(1) the issue was necessarily decided at the previous proceeding and is identical to the one which
17 is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and
18 (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at
19 the first proceeding." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir.
20 2006). Plaintiff argues that she is not estopped from litigating the '339 patent because it was not
21 litigated in the *JPMorgan* litigation, because Fremont Bank was not a party to that litigation, and
22 because she was not given the fair and full opportunity to be heard. As discussed below,
23 Plaintiff's arguments either apply the wrong standards or are without merit.

### A. Collateral Estoppel Applies When there is Identity of Issues, Even if the Patents are Not Asserted in the Previous Case

26 First, Plaintiff argues that the validity of the '339 patent has not been litigated because the
27 *JPMorgan* litigation involved U.S. Patent Nos. 5,987,500, 8,037,158, and 8,108,492 (collectively,
28 "Related Patents"), and because the claims in the '339 patent are different from the claims in

these patents. Opp'n at 6-7, 14. For example, Plaintiff spends over five pages reciting the claim limitations of the '339 patent and the Related Patents. *Id.* at 7-12. Plaintiff's arguments miss the point, however, because the standard for collateral estoppel is not whether there is an identity of claims or identity of patents, but whether there is an identity of *issues* litigated in a previous litigation. Indeed, in examining this doctrine, the Supreme Court in *Blonder-Tongue* examined the unnecessary costs to litigants and the burden imposed on courts when the patentee attempts to relitigate *issues* that were already decided in previous litigations. "[A]ssuming that a perfectly sound judgment of invalidity has been rendered in an earlier suit involving the patentee, a second infringement action raising the same *issue* and involving much of the same proof has a high cost to the individual parties." 402 U.S. at 338 (emphasis added).

Additionally, Plaintiff's arguments are contrary to Federal Circuit precedent established in *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333 (Fed. Cir. 2013). There, the Federal Circuit squarely addressed the issue of whether a prior litigation can have collateral estoppel effect even if it involved a *different* claim, a *different* patent, and *different* accused infringers. More specifically, in *Ohio Willow Wood*, the Federal Circuit affirmed the district court's holding that a patent was invalid based on collateral estoppel arising from a judgment of invalidity of a related patent.

In so holding, the Federal Circuit rejected the same arguments Plaintiff make here. "We disagree" that "the mere existence of different language in the adjudicated claims of the ′182 patent and unadjudicated claims of the ′237 patent is sufficient to overcome collateral estoppel." *Id.* at 1342. As shown below, the claim language between the '182 and '237 patents in *Ohio Willow Wood* was different:

| Claim 1 of '237 Patent | Claim 1 of '182 Patent |
|---|---|
| 1. A tube sock-shaped covering for enclosing an amputation stump, said amputation stump being a residual limb, said covering having an open end for introduction of said residual limb and a closed end opposite said open end, said covering comprising fabric in the shape of a tube sock, said fabric having a coating of a foamed or non-foamed block copolymer and mineral oil gel composition residing on only an interior surface thereof. | 1. A cushion liner for enclosing an amputation stump, said liner comprising a fabric covering having an open end for introduction of said stump and a closed end opposite said open end, said fabric coated seamlessly on only an inside surface thereof with a polymeric cushioning gel that substantially conforms to the shape of said amputation stump when said liner is worn; wherein said liner is configured such that said polymeric cushioning gel is in contact with the skin of said amputation stump when said liner is worn by a user thereof. |

*Id.* Nonetheless, the Federal Court found that collateral estoppel applied, concluding that "[o]ur precedent does not limit collateral estoppel to patent claims that are identical. Rather, it is the identity of the *issues* that were litigated that determines whether collateral estoppel should apply." *Id.* The court found that the patent-in-suit was also invalid as obvious. *Id.*

Identity of issues exists between the *JPMorgan* litigation and this case. After reviewing the specifications of the Related Patents, Judge Robinson had found that the terms "switching," "service network," and "point-of-service application"[2] were indefinite, were not enabled, and/or lacked written description. Ex. D (*JPMorgan* Summary Judgment Order at 11-21) [D.I. 25-5]; Ex. E (*JPMorgan* Claim Construction Order at 6-8) [D.I. 25-6]. The same claim terms together are present in each and every claim of the '339 patent, which shares a common parent with the Related Patents and identical specifications. In fact, the issue here presents an even more compelling collateral estoppel argument than in *Ohio Willow Wood*. There, the question was whether the claims were obvious, which is a question of law that is dependent on underlying questions of fact. *See, e.g., Phillips v. AWH Corp.*, 415 F.3d 1303, 1333 (Fed. Cir. 2005) ("While ultimately a question of law, obviousness depends on several underlying factual inquiries.").

---

[2] Plaintiff appears to claim that Fremont Bank argued that "point-of-service application" was found indefinite in Judge Robinson's order. Opp'n at 13. This is incorrect. Fremont Bank asserted that Judge Robinson found "point-of-service application" to lack enablement and written description. Mot. at 8.

1     Here, the *JPMorgan* litigation found that the Related Patents were invalid for indefiniteness, lack
2     of enablement, and lack of written description, which are all pure questions of law.

3         Plaintiff insists that "claim terms are not interpreted in a vacuum," and "[t]hat the patents
4     share a common specification is irrelevant to whether there is issue preclusion . . ." Opp'n at 12-
5     13, but Plaintiff ignores the fact that indefiniteness, enablement, and written description *are*
6     determined by looking at the specification. If a specification does not sufficiently disclose the
7     invention such that the claims are not enabled or lack written description, or does not provide
8     clarity to the claim terms, the same specification in another patent would still contain the same
9     flaws. If the claim terms that lead to a finding of indefiniteness, lack of enablement, and lack of
10    written description are present in claims of another patent, these claims are also invalid for the
11    same reason. As previously shown, the '339 patent and the Related Patents share identical
12    specifications, and the claim terms are present in every claim of the '339 patent. There is an
13    identity of issues.

14        Indeed, Plaintiff does not dispute that she has already admitted that the Federal Circuit's
15    decision in the *JPMorgan* appeal will govern the '339 patent. "[A]ll three patents asserted
16    against Fulton would be governed by the prior *JPMorgan* adjudication if the prior rulings are
17    affirmed on appeal." Ex. J (*Fulton* Motion to Dismiss Response at 3) [D.I. 25-11]. Plaintiff
18    argues that "Judge Andrews did not rule that . . . collateral estoppel applied to the '339 patent,"
19    Opp'n at 14, but Judge Andrews' order indicates otherwise: "I will GRANT Defendant's Motion
20    to Dismiss (D.I. 6), which is based on collateral estoppel." Ex. G. (Fulton Motion to Dismiss
21    Order at 1) [D.I. 25-8].

22    **B.**     **Collateral Estoppel Does not Require Identity of the Parties**

23        Plaintiff appears to argue that collateral estoppel does not apply because there is no
24    identity of the parties in the *JPMorgan* litigation. Opp'n at 5-6, 16. But collateral estoppel does
25    not require that *all* parties be involved in the previous litigation. Indeed, the accused infringers in
26    *Blonder-Tongue* and *Ohio Willow Wood* successfully applied collateral estoppel based on a
27    previous litigation that involved the same patentee, but different accused infringers. 402 U.S. at
28    315-15, 350; 735 F.3d at 1341, 1343. *See also Soverain Software LLC v. Victoria's Secret Direct*

*Brand Mgmt., LLC*, 778 F.3d 1311, 1316 (Fed. Cir. 2015) (finding that issue preclusion applied even though previous litigation involved a different accused infringer). Therefore, the fact that Fremont Bank was not a defendant in the *JPMorgan* litigation is irrelevant to the issue of collateral estoppel.

Instead, collateral estoppel only requires that the party against whom collateral estoppel is asserted be in privity with a party at the first proceeding. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d at 746. Plaintiff does not dispute that she is the founder, chairman, and sole owner of Pi-Net International, Inc., the plaintiff in the *JPMorgan* litigation. Compl. at ¶ 5 [D.I. 1]; Mot. at 9-10. As a result, there is privity between Plaintiff and Pi-Net International, Inc.

### C. Plaintiff's Subjective Opinion of Her Attorney are Irrelevant

Finally, Plaintiff appears to argue that collateral estoppel should not apply because she did not have the opportunity to pursue her claim in the *JPMorgan* litigation. Her only support of this argument, however, is her subjective opinion regarding the quality of her attorney's representation and her bare-bones conclusion that she "was deprived of crucial evidence and witnesses in the first litigation." Opp'n at 6, 16-17. While *Blonder-Tongue* acknowledged that the patentee must be permitted to "demonstrate . . . that he did not have 'a fair opportunity procedurally, substantively, and evidentially to pursue his claim the first time,'" 402 U.S. at 333, Plaintiff has failed to bring forth such evidence.[3] Plaintiff also does not deny that Judge Robinson's order was final and on the merits. Collateral estoppel should apply.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed, and Plaintiff should not permitted to re-file absent the Federal Circuit's reversal of the judgment in the *JPMorgan* litigation.

---

[3] Exceptions to the application of collateral estoppel can include a change in the controlling law or facts, or where there is a different burden of proof or burden of persuasion. Restatement (Second) of Judgments § 28 (1982). No such circumstances apply here.

DATED: April 3, 2015          **PERKINS COIE LLP**

By:    */s/ Carmen G. Wong*
Ramsey M. Al-Salam
RAlsalam@perkinscoie.com
Victoria Q. Smith
VSmith@perkinscoie.com
Carmen G. Wong
CWong@perkinscoie.com

Attorneys for Defendants
Fremont Bancorporation and Fremont Bank

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 3, 2015, a true and correct copy of the foregoing was served on the parties via the CM/ECF system pursuant to Civil Local Rule 5-1(h).

*/s/ Carmen G. Wong*
Carmen G. Wong