UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKSHMI ARUNACHALAM,<br>  Plaintiff,<br>  v.<br>FREMONT BANCORPORATION, et al.,<br>  Defendants. | Case No. 15-cv-00023-EDL<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 25 |

On March 17, 2015, Defendants filed this motion to dismiss. For the reasons set forth below, Defendants' motion is GRANTED and the complaint is dismissed with prejudice.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 29, 2012, Plaintiff alleges that the United States Patent and Trademark Office issued to her U.S. Patent No. 8,271,339 ("'339 Patent"), entitled "Method of Apparatus For Enabling Real-Time, Bi-Directional Transactions On A Network." (Cmplt. ¶ 10.) On January 5, 2015, Plaintiff filed this complaint, alleging that Defendants are infringing the '339 Patent. (See Cmplt. ¶ 14.) Defendants move to dismiss, arguing that because the '339 Patent and related patents were previously determined to be invalid, Plaintiff is collaterally estopped in this action from asserting infringement claims based on the '339 Patent.

## II.   STANDARD

A complaint will survive a motion to dismiss if it contains "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The reviewing court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th

Cir. 2008).

A court need not, however, accept as true the complaint's "legal conclusions." Iqbal, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. Thus, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

## III. DISCUSSION

Collateral estoppel or issue preclusion "bars relitigation of issues adjudicated in an earlier proceeding if three requirements are met: '(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.'" Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006) (quoting Kourtis v. Cameron, 419 F.3d 989, 994 (9th Cir. 2005)). Additionally, for collateral estoppel to apply in patent suits, the party against whom collateral estoppel is asserted must have had "a full and fair chance to litigate the validity of [the] patent" in the prior proceeding. Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found., 402 U.S. 313, 333 (1971).

On April 18, 2014, Pi-Net International, Inc. ("Pi-Net") filed a complaint for patent infringement against Fulton Financial Corporation ("Fulton"), arguing that Fulton had infringed upon, among other patents, the '339 Patent. (Wong Decl. Ex. F (complaint in Pi-Net International, Inc. v. Fulton Financial Corporation, Case No. 14-cv-490 (D. Del.)).) On June 11, 2014, Fulton moved to dismiss, arguing that because related patents with identical claim terms were found to be invalid in Pi-Net International Inc. v. JPMorgan Chase & Co., Case No. 12-cv-282 (D. Del.), Pi-Net is estopped from asserting the validity of the '339 Patent.[1] Pi-Net did not contest that estoppel applies; however, it argued that the court should stay the case as Pi-Net was appealing the JP

---

[1] Defendant also argues that collateral estoppel applies based on the JPMorgan case. Because the Court finds that Fulton precludes Plaintiff's claims, it need not address JPMorgan. However, the Court notes that, were it to decide the issue, it would find that JPMorgan also precludes Plaintiff's claims.

2

1   Morgan decision. (Wong Decl. Ex. J.)[2] On August 12, 2014, in a brief opinion, the Fulton court
2   stated that it "will GRANT Defendant's Motion to Dismiss . . . which is based on collateral
3   estoppel." (Wong Decl. Ex. G.)
4       Although the decision is brief, it grants a motion to dismiss based exclusively on collateral
5   estoppel pursuant to JP Morgan. (Id. (stating that the motion is "based on collateral estoppel").)
6   Thus, the Fulton court determined that the '339 Patent is invalid. There is also no question that
7   this ruling, which Pi-Net did not appeal, constitutes a final decision on the merits. Federated Dep't
8   Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim
9   under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'").
10      Furthermore, although Plaintiff did not appear in Fulton, she is in privity with Pi-Net, the
11  plaintiff in that action. The Ninth Circuit has held that:

> Privity exists when there is substantial identity between parties, that is, when there is sufficient commonality of interest. When a person owns most or all of the shares in a corporation and controls the affairs of the corporation, it is presumed that in any litigation involving that corporation the individual has sufficient commonality of interest. As this court has stated before, the public policies underlying the doctrine of collateral estoppel, as a bar to repetitious litigation, would support a finding of privity between a close corporation and its sole or controlling stockholder.

17  In re Gottheiner, 703 F.2d 1136, 1140 (9th Cir. 1983) (internal quotation marks and citations
18  omitted). Plaintiff is the founder of Pi-Net and the owner of the '339 Patent. (Cmplt. ¶ 5.)
19  Plaintiff's home address is the same as Pi-Net's address. (Id.) Plaintiff represented in another
20  case that she is the sole owner of Pi-Net. (Wong Decl. Ex. L at 2.) Furthermore, as discussed
21  below, Plaintiff -- on behalf of herself -- filed a malpractice case against Pi-Net's attorney based
22  on the attorney's representation of Pi-Net in Fulton and JP Morgan.
23      Plaintiff's only other argument as to why collateral estoppel does not apply is that Pi-Net
24  did not have a full and fair opportunity to litigate the JP Morgan and Fulton cases because it was
25  "deprived of crucial evidence and witnesses" by "a rogue former attorney" who is subject to "an

---

[2] On April 20, 2015, the Federal Circuit dismissed Pi-Net's appeal for failure to file a brief in compliance with the court's rules. Pi-Net Int'l Inc. v. JPMorgan Chase & Co., Case No. 14-1495, Dkt. 74 (Fed. Cir. Apr. 20, 2015). On May 4, 2015, Plaintiff filed a motion for reconsideration of that order. Id. Dkt. 76.

3

ongoing malpractice suit" by Plaintiff. (Opp. at 6, 17.)[3] Plaintiff cites no evidence in support of this contention. See In re Williams, 282 F.R. 267, 277 (Bankr. N.D. Ga. 2002) ("an attorney's malpractice is not a *per se* denial of a full and fair opportunity to litigate"). Furthermore, the remedy for malpractice is damages, not an invalidation of the prior judgment. See Gunn v. Minton, __ U.S. __, 133 S. Ct. 1059, 1067 (2013) (noting in a patent-related malpractice case that the outcome "will not change the real-world result of the prior federal patent litigation. [The plaintiff's] patent will remain invalid."). Plaintiff has thus not met her burden of showing that she was denied a full and fair opportunity to litigate either Fulton or JPMorgan.

Therefore, issue preclusion applies and Plaintiff is estopped from asserting the validity of the '339 Patent in this action. See Cygnus, 569 F. Supp. 2d at 1037-38 (N.D. Cal. 2008) ("[O]nce the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for infringement of those claims may reap the benefit of the invalidity decision under the principles of collateral estoppel." (quoting Mendenhall v. Barber-Greene Co., 26 F.3d 1573, 1577 (Fed. Cir. 1994) (brackets in original))).

## IV. CONCLUSION

Defendants' motion is GRANTED. Because leave to amend would be futile, the complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: May 4, 2015

ELIZABETH D. LAPORTE
United States Magistrate Judge

---

[3] Plaintiff's malpractice case is currently pending in the District of Delaware. See Arunachalam v. Pazuniak, 15-cv-259 (D. Del.).

4